UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     2:24-cv-05371-JAK-AJR                                    Date: July 1, 2024
                                                                      Page 1 of 3

Title:       Cecil Elmore, Jr. v. Abbas Eftekhari, et al.

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO FILE UNDER SEAL AND SERVE ON THE UNITED STATES**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

On June 25, 2024, *pro se* Plaintiff Cecil Elmore, Jr. ("Plaintiff"), filed a Complaint for Damages (the "Complaint") against Abbas Eftekhari, Eftekhari D.D.S., Inc., Abbas Eftekhari D.D.S., Doe 1, Doe 2, Doe 3, Navid Kabiri, Armine Nzarian, Armine Nazarian DMD, Inc., Vartan Yegiyan, and Doe 4 (collectively "Defendants"). (Dkt. 1.) Plaintiff is an adult resident of the City and County of Los Angeles, is African American, and participates in the federally-funded program of Medi-Cal. (Id. at 3.) Plaintiff invokes the jurisdiction of this Court based on federal question jurisdiction under 28 U.S.C. § 1331. (Id. at 2.) Plaintiff asserts 52 state and federal causes of action. (Id. at 1.) Defendants are dentists, dental corporations, and employees of dental corporations who are participating providers in the United Dental Group network. (Id. at 3-6.) The individual Defendants are not African American. (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.     2:24-cv-05371-JAK-AJR                    Date:  July 1, 2024
                                                      Page 2 of 3

Title:     Cecil Elmore, Jr. v. Abbas Eftekhari, et al.

    The core of Plaintiff's claims against Defendants appears to be based on alleged false claims submitted to the Medi-Cal program. (Id. at 6-7.) Plaintiff alleges that Defendants caused the submission of false claims to the Medi-Cal program by rendering dental services in a racially discriminatory manner. (Id.) Plaintiff also contends that Defendants caused the submission of false claims to the Medi-Cal program by conducting radiographic dental x-rays without the required licensure and/or certification. (Id. at 8-9.) Plaintiff further contends that Defendants documented false and fraudulent dental procedures that were fraudulently performed on Plaintiff. (Id. at 13.) Plaintiff asserts claims under the Federal False Claims Act, 31 U.S.C. §§ 3729-33. (Id. at 10-14.)

    However, complaints filed by private persons (known as relators) asserting claims under the Federal False Claims Act must be served on the Attorney General and the United States Attorney for the relevant district pursuant to Federal Rule of Civil Procedure 4(d)(4). See 31 U.S.C. § 3730(b)(2). Such complaints must be filed under seal, must remain under seal for at least 60 days, and must not be served on the defendant until the court so orders. See id. The purpose of this 60-day under seal period is to allow the United States an opportunity to investigate the claims without the defendant becoming aware of the allegations and permit the United States to decide whether to intervene in the action. See id. at § 3730(b)(4).

    The U.S. Supreme Court has held that where a relator files a lawsuit under the Federal False Claims Act and fails to comply with the mandatory seal provisions, the trial court has discretion to dismiss the action. See State Farm Fire & Cas. Co. v. U.S ex rel. Rigsby, 580 U.S. 26, 37 (2016) ("In general, the question whether dismissal is appropriate should be left to the sound discretion of the district court."). The Supreme Court has advised that trial courts should consider the following three factors: "(1) the actual harm to the Government, (2) the severity of the violations, and (3) the evidence of bad faith." Id. at 32.

    Based on the factors identified by the Supreme Court, it appears that this action should be dismissed without prejudice and the Complaint should be stricken from the docket to prevent public view of the allegations. With regard to the first factor, the Government is harmed by Plaintiff's failure to comply with the under-seal filing requirements of the False Claims Act because the Government is deprived of the ability to

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:24-cv-05371-JAK-AJR | Date:  July 1, 2024 |
| | Page 3 of 3 |

Title:   Cecil Elmore, Jr. v. Abbas Eftekhari, et al.

investigate the allegations without the Defendants becoming aware of the action.  With regard to the second factor, the violation is severe in that Plaintiff has completely failed to comply with the procedural requirements of the False Claims Act.  With regard to the third factor, there is no evidence of bad faith by Plaintiff.  Given that Plaintiff is proceeding *pro se*, the Court assumes that Plaintiff was simply unaware of the procedural requirements of the False Claims Act.  Thus, it appears that the interests of the Government can be best protected at this point if this action is dismissed without prejudice and the Complaint is stricken from the docket.  See, e.g., Plummer v. Camarillo, 2019 WL 8226106, at *6 (C.D. Cal. Dec. 23, 2019) ("Plaintiff failed to allege that he complied with the mandatory procedure for the filing of an FCA claim. Accordingly, the Court GRANTS Defendants' motion to dismiss the sixth cause of action.").  This would prevent further public exposure of the allegations and permit Plaintiff to refile the action in compliance with the under-seal filing procedures described above.

For the foregoing reasons, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice and the Complaint stricken from the docket.  On or before **August 1, 2024**, Plaintiff shall file a response to this Order either agreeing to voluntarily dismiss this action and refile in compliance with the under-seal filing procedures described above or setting forth the reason(s) why this action should not be dismissed and the Complaint should not be stricken.  If Plaintiff fails to timely respond to this Order, this action may be dismissed with prejudice for failure to obey court orders and/or failure to prosecute.  If Plaintiff no longer wishes to pursue this action, or if he agrees that he needs to refile in compliance with the under-seal filing procedures, he may voluntarily dismiss the action without prejudice by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  A form Notice of Dismissal is attached for convenience.

IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).